**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TRAVIS W. MOFFATT,**

    **Plaintiff,**

vs.                                                                        **Case No.: 8:13-CV-2853-T-36EAJ**

**CAROLYN COLVIN,**
**Acting Commissioner of Social**
**Security Administration,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the undersigned recommends that the Commissioner's decision be reversed and this case be remanded for further administrative proceedings.[1]

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler,

---

[1] The District Judge referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rule 6.01(a), M.D. Fla.

703 F.2d 1233, 1239 (11th Cir. 1983).   If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I. Background

On December 1, 2010, Plaintiff filed applications for DIB and SSI, alleging disability beginning June 18, 2010. (T 193, 200)  Plaintiff's applications were denied initially and upon reconsideration, and an administrative hearing was held on May 29, 2012. (T 22, 103, 107, 117, 120) Thirty-three years old at the time of the hearing, Plaintiff has a limited education and past relevant work experience as a lawn service worker, framer, tree service worker, and irrigation technician. (T 27-28)

On June 19, 2012, an ALJ denied Plaintiff's application.  (T 19)  Although Plaintiff was determined to have the severe impairment of bulging and herniation of the cervical and lumbar spine, this impairment did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. (T 11)  Despite this impairment, Plaintiff was determined to have a residual functional capacity ("RFC") for sedentary work with the following limitations: occasionally lift/carry ten pounds; stand/walk for two hours; sit for six hours; have a sit/stand option allowing for

sitting no more than thirty minutes at a time then being able to stand for ten minutes if needed; occasionally climb ramps/stairs, balance, kneel, crouch, or crawl; never operate right foot controls or climb ladders, ropes, or scaffolds; limited to unskilled work; and only able to read and write simple words and short phrases. (T 24-25)

The ALJ found that Plaintiff was unable to perform his past relevant work as a lawn service worker, framer, tree service worker, or irrigation technician. (T 27) However, based on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff was capable of performing jobs available in significant numbers in the national economy, such as surveillance system monitor, order clerk, and lens inserter. (T 28-29) Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period. (T 29) On October 10, 2013, the Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 1)

The medical and other evidence has been reviewed in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## II. Analysis

Plaintiff argues that the ALJ erred by: (1) improperly discrediting Plaintiff's testimony regarding his subjective pain symptoms and (2) not including significant limitations in Plaintiff's RFC assessment.

**A.** Plaintiff asserts that the ALJ did not properly assess the credibility of his statements regarding the intensity, persistence, and limiting effects of his symptoms. He contends that the ALJ did not articulate adequate reasons, based on substantial evidence, to discredit his subjective pain complaints.

Subjective complaints are evaluated according to a three-part "pain standard" that is used

when a claimant attempts to establish disability through testimony about pain or other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam). A plaintiff must show: (1) objective medical evidence of an underlying medical condition; and either (2) the objective medical evidence substantiates the severity of the pain from the condition; or (3) the objectively determined medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986) (per curiam). If the ALJ does not credit a claimant's testimony regarding subjective complaints, the ALJ must "articulate explicit and adequate reasons for doing so." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam). "A clearly articulated credibility finding that is substantially supported by the record will not be overturned." Id. at 1562 (citation omitted).

To satisfy the first part of the standard, Plaintiff is required to show objective medical evidence of an underlying medical condition. Landry, 782 F.2d at 1553. The ALJ found that Plaintiff had a severe impairment of bulging and herniation of the cervical and lumbar spine that could reasonably be expected to cause the alleged symptoms. (T 25)

Plaintiff continually complained of back pain to his physicians. (T 331-41, 380-84, 402) An August 2010 MRI report showed minimal right paracentral disc protrusion without significant spinal stenosis at T11-12, disc desiccation and broad-based central disc protrusion at L4-5, and disc desiccation with large broad-based central and left paracentral disc extrusion with mass effect upon the thecal sac and left S1 nerve root at L5-S1. (T 307-08) On January 28, 2011, Plaintiff was seen at Tampa General Hospital Healthpark Specialty Clinic and discussed lumbar fusion, epidural injections, and surgery. (T 360) A February 2011 MRI noted degenerative change of the lumbosacral spine, most predominant from L4-S1. (T 363) A May 2012 MRI showed multilevel

4

disc bulges impinging the thecal sac, central posterior broad-based disc hernation at C5-6 with mild-to-moderate spinal stenosis at C5-6, and straightening of the cervical spine curvature. (T 404-05) Plaintiff responded favorably to chiropractic treatment between March and May 2012. (T 407-37)

Plaintiff testified that he experiences pain in his back that radiates through his legs. (T 44) He also experiences neck pain that is not as severe as his back pain. (T 45) He has difficulties using his right hand, including problems gripping items and his hand going numb "a lot." (T 48) He has difficulty sitting for long periods of time and must change positions. (T 49) His wife assists him with putting on his shoes. (Id.) He is able to drive, but it is hard for him to drive long distances. (T 51, 57) He spends most of the day lying down or in a reclined position and frequently elevates his feet. (T 54, 58) There are about four to six days per month where he does not get out of bed. (Id.) The pain makes it difficult to walk more than 100 yards without taking a break. (T 55) He sleeps about three hours a night. (T 57) Plaintiff also stated that he uses a cane to walk sometimes, although the cane was not prescribed by a doctor. (T 40-41)

The ALJ determined that Plaintiff's subjective pain complaints were only partially credible to the extent they were consistent with the RFC assessment.[2] (T 26)

In rejecting Plaintiff's testimony as only partially credible, the ALJ provided two reasons.[3]

---

[2] To the extent that Plaintiff contends that the ALJ applied the wrong legal standard because the ALJ used "boilerplate language" suggesting that the ALJ compared Plaintiff's testimony to the RFC and not to the evidence of record as required, this position is without merit. The ALJ's credibility determination does not have to include any "particular phrases or formulations" as long as it provides enough explanation for the court "to conclude that [the ALJ] considered [the claimant's] medical condition as a whole." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (citation and internal quotation marks omitted).

[3] Although the ALJ summarized the radiographic evidence (T 26), the ALJ did not evaluate it or cite it as a reason for discounting Plaintiff's subjective symptoms. The record is insufficient to permit an inference that this evidence was material to the credibility evaluation.

First, the ALJ stated that Plaintiff's medical treatment was not the type one would expect for a totally disabled individual as it was routine and conservative in nature. (T 36) Conservative treatment is a valid reason for discrediting a claimant's credibility. See Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996) (finding that the ALJ properly noted claimant's conservative treatment as evidence to discredit his subjective complaints).

However, the ALJ also found that Plaintiff's use of medications did not suggest the presence of an impairment more limiting than the limitations in the RFC assessment. (T 26-27) For his back pain, Plaintiff took 800 milligrams of ibuprofen three times a day and 500 milligrams of methocarbamol[4] three times a day. (T 291, 383) The ALJ noted that Plaintiff denied using any narcotic medication to relieve his pain, despite alleged "quite limiting pain." (T 26) Plaintiff testified that the pain medications helped "take the edge off," but he indicated that he no longer took some pain medication because he no longer had county insurance. (T 47-48) While an ALJ may also consider noncompliance with a treatment regimen when assessing a claimant's credibility, poverty may excuse a claimant's failure to follow prescribed medical treatment. Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam) (citing Dawkins v. Bowen, 848 F.2d 1211, 1214 (11th Cir. 1988)).  Here, the ALJ did not adequately address Plaintiff's testimony regarding his access to pain medication or his ability to afford it.

The reasons cited by the ALJ are not substantial evidence to discredit Plaintiff's subjective pain complaints. Cf. Wilson v. Barnhart, 284 F.3d 1219, 1226 (11th Cir. 2002) (per curiam) (ALJ

---

[4] "Methocarbamol is used to relieve the discomfort caused by acute (short-term), painful muscle or bone conditions." Methocarbamol, Mayo Foundation for Education and Research, http://www.mayoclinic.org/drugs-supplements/methocarbamol-oral-route/description/drg-20071962 (last visited Oct. 21, 2014).

properly rejected applied pain standard where objective medical evidence, activities of daily living, limited use of pain medication, and effectiveness of treatment were noted as reasons to discount claimant's credibility); Allen v. Sullivan, 880 F.2d 1200, 1202-03 (11th Cir. 1989) (per curiam) ("[T]he ALJ specifically articulated at least three reasons for rejecting appellant's subjective complaints of pain."). Accordingly, remand is required for the Commissioner to re-evaluate the credibility of Plaintiff's testimony regarding pain and other subjective symptoms, including whether Plaintiff's indigency prevented him from taking stronger pain medication.

**B.** Plaintiff's next claim is that the ALJ excluded significant limitations from his RFC assessment.

The ALJ ultimately is responsible for determining a claimant's RFC, which is based on all relevant evidence of a claimant's ability to do work despite his impairments. 20 C.F.R. §§ 404.1545(a), 416.927(d)(2) (2012). The RFC describes the most a claimant can do in a work setting despite limitations resulting from the claimant's impairments. Phillips, 357 F.3d at 1238. It is based on consideration of the relevant medical and other evidence in the record. Id. "The task of determining a claimant's ability to work is within the province of the ALJ, not a doctor." Cooper v. Astrue, 373 F. App'x 961, 962 (11th Cir. 2010) (per curium) (unpublished).[5] The absence of a treating or examining physician's opinion does not necessarily preclude the ALJ from making a proper RFC determination. See Green v. Soc. Sec. Admin., 223 F. App'x 915, 923–24 (11th Cir. 2007) (per curiam) (unpublished). Further, the ALJ must consider all of a claimant's impairments, including subjective symptoms such as pain. 20 C.F.R. § 416.945(a)(3).

---

[5] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

The ALJ determined that Plaintiff had the RFC to perform sedentary work with the following limitations: occasionally lift/carry ten pounds; stand/walk for two hours; sit for six hours; have a sit/stand option allowing for sitting no more than thirty minutes at a time then being able to stand for ten minutes if needed; occasionally climb ramps/stairs, balance, kneel, crouch, or crawl; never operate right foot controls or climb ladders, ropes, or scaffolds; limited to unskilled work; and only able to read and write simple words and short phrases. In determining Plaintiff's RFC, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (T 25)

At the hearing, Plaintiff's counsel questioned the VE about additional limitations beyond what the ALJ included in the RFC assessment. These additional limitations included: an ability to sit and stand for less than two hours in an eight-hour workday and walk for less than two hours in an eight-hour workday; having to take unusual or unscheduled work breaks; having to lie down during an eight-hour workday; inability to focus for more than ten percent of an eight-hour workday; needing to elevate the lower extremities for more than one-third of an eight-hour workday; and needing to be absent from work more than three days per month. (T 66-68) As to each limitation, the VE testified that a person would be precluded from engaging in substantial gainful activity. (Id.) Plaintiff contends these limitations should have been included in the RFC.

As remand is required, and the findings could change on remand, it is unnecessary to address Plaintiff's argument regarding the Commissioner's RFC assessment. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam).

**Conclusion**

As discussed above, the Commissioner's decision is remanded for additional fact-finding as is necessary to complete the sequential evaluation. In reaching this conclusion, however, this court expresses no views as to what the outcome of the proceedings should be. On remand, each side shall be afforded an opportunity to introduce additional evidence on the issues presented.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) The decision of the Commissioner is be **REVERSED** and the case be **REMANDED** for further proceedings consistent with the forgoing; and

(2) The Clerk of Court shall enter final judgment in favor of Plaintiff pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand" and close the file. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993); Newsome v. Shalala, 8 F.3d 775, 779-80 (11th Cir. 1993). The final judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) must be filed no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney fees. See In re Procedures for Applying for Attorney Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2), No. 6:12-mc-124-CRL-22 (M.D. Fla. Nov. 13, 2012).

**Date: October 22, 2014**

*[signature]*
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  <u>See</u> 28 U.S.C. § 636(b)(1).

Copies to:

Counsel of Record

District Judge