UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAVIS W. MOFFATT,

    Plaintiff,

v.    Case No: 8:13-cv-2853-T-36EAJ

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

# **O R D E R**

This cause comes before the Court upon the Report and Recommendation ("R&R") filed by Magistrate Judge Elizabeth A. Jenkins on October 22, 2014 (Doc. 20). Magistrate Judge Jenkins recommends that the decision of the Commissioner of Social Security ("the Commissioner") be reversed and this case remanded for further administrative proceedings. The Commissioner filed a timely objection to the R&R on October 30, 2014 (Doc. 21) ("the Objection"). No response to the objection has been filed.

After careful consideration of the Objection, the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

## *I.   BACKGROUND*

On December 1, 2010, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging disability beginning June 18, 2010. Court Transcript ("CT") at p. 193, 200. Plaintiff's applications were denied initially and upon reconsideration, and an administrative hearing was held on May 29, 2012. *Id.* at p. 22, 103, 107, 117, 120.

Thirty-three years old at the time of the hearing, Plaintiff has a limited education and past relevant work experience as a lawn service worker, framer, tree service worker, and irrigation technician. *Id.* at p. 27-28. On June 19, 2012, an Administrative Law Judge ("ALJ") denied Plaintiff's application. *Id.* at p. 19. Although Plaintiff was determined to have the severe impairment of bulging and herniation of the cervical and lumbar spine, this impairment did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at p. 11. Despite this impairment, Plaintiff was determined to have a residual functional capacity ("RFC") for sedentary work with the following limitations: occasionally lift/carry ten pounds; stand/walk for two hours; sit for six hours; have a sit/stand option allowing for sitting no more than thirty minutes at a time then being able to stand for ten minutes if needed; occasionally climb ramps/stairs, balance, kneel, crouch, or crawl; never operate right foot controls or climb ladders, ropes, or scaffolds; limited to unskilled work; and only able to read and write simple words and short phrases. *Id.* at p. 24-25.

The ALJ found that Plaintiff was unable to perform his past relevant work as a lawn service worker, framer, tree service worker, or irrigation technician. *Id.* at p. 27. However, based on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff was capable of performing jobs available in significant numbers in the national economy, such as surveillance system monitor, order clerk, and lens inserter. *Id.* at p. 28-29. Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period. *Id.* at p. 29. On October 10, 2013, the Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *Id.* at p. 1.

## II.     LEGAL STANDARDS

### a.  Review of a Report and Recommendation

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge.  When a party makes a timely and specific objection to a Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990).  The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation of the magistrate judge.  Fed. R. Civ. P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id*.

### b.  Review of the Commissioner's Decision

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  *Id*.  Where the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("If the Commissioner's decision is supported by substantial evidence, we must affirm, even if the proof preponderates against it."). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its own] judgment for that of the [Commissioner]."  *Phillips*, 357 F.3d at 1240 n.8 (quotations omitted).

### c. An ALJ's Five-Step Disability Analysis

The SSA has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Eleventh Circuit has explained this process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009). If it is determined at any step in the analysis that the claimant is disabled or not disabled, the evaluation does not proceed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

## III. Discussion

Magistrate Judge Jenkins determined that this matter should be remanded for further consideration by the agency. The ALJ based his decision to discredit Claimant's subjective reports of pain, at least in part, on Claimant's failure to take narcotic pain medications. However, Claimant testified that his failure to take such medications was based on his inability to afford the medications after he lost insurance coverage. The Eleventh Circuit has held that "poverty excuses noncompliance" with regard to the determination of disability in the Social Security context. *Dawkins v. Bowen,* 848 F.2d 1211, 1212 (11th Cir. 1988). Thus, Judge Jenkins reasoned that the

4

ALJ was required to determine whether Claimant's failure to take narcotic medications was justified by his poverty before considering it as a factor weighing against disability.

The Commissioner argues that the ALJ was only required to consider the poverty excuse if noncompliance was his *sole* basis for denying benefits. However, this position appears inconsistent with the holding in *Dawkins*, which reversed and remanded an ALJ's decision to deny benefits which relied "primarily if not exclusively on evidence in the record and testimony at the hearing concerning appellant's noncompliance with prescribed medical treatment" and did not consider Claimant's poverty as an excuse. *Id*. at 1213. The language in *Dawkins* suggests that less than exclusive reliance on noncompliance does not excuse the failure to consider the poverty issue. *See also Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (affirming an ALJ's denial of benefits without consideration of the poverty excuse because "the ALJ's determination that Ellison was not disabled **was not significantly** based on a finding of noncompliance.").

The Commissioner relies, unconvincingly, on three unpublished opinions to support his argument. First, in *Brown v. Comm'r of Soc. Sec.,* the Court stated that "if the claimant's failure to follow medical treatment is **not one of the principal factors** in the ALJ's decision, then the ALJ's failure to consider the claimant's ability to pay will not constitute reversible error." *Brown,* 425 Fed. Appx. 813, 817 (11th Cir. 2011) (emphasis added). A principal factor is not the same as a sole factor.

Second, in *Cowan v. Colvin,* the court stated that "[i]f the ALJ does not **substantially or solely** base his finding of nondisability on the claimant's noncompliance, though, the ALJ does not commit reversible error by failing to consider the claimant's financial situation." *Cowan v. Colvin*, Case No. 5:13–CV–00041–KOB, 2014 WL 1338099, 3 (N.D. Ala. Mar. 31, 2014) (emphasis added). Obviously, "substantially or solely" does not mean solely.

5

Finally, the court in *Fullington v. Astrue* did state that "an ALJ is **only** required to determine whether the claimant is financially able to seek ongoing treatment and fill prescriptions when noncompliance is the *sole ground* for denial of disability benefits, and the record contains evidence that the claimant is financially unable to seek treatment." *Fullington v. Astrue*, 2013 U.S. Dist. LEXIS 76435 (M.D. Ala. May 31, 2013) (italics in original, bold added). However, the decision in *Fullington* is not binding on this Court. This Court is not persuaded by the *Fullington* court's interpretation of *Ellison*.

In the instant case it is clear that Moffatt's failure to take prescribed narcotic medications was a substantial factor in the ALJ's decision to discredit Moffatt's testimony. CT at p. 26-27. Moffatt testified that he could not continue to take these medications because he lost his insurance. Accordingly, the ALJ should have inquired further into whether Moffatt was able to afford his medications before holding that noncompliance against him. Furthermore, the ALJ's other reason for discrediting Moffatt's testimony is that his medical records show a "conservative course of treatment." Based on the record, it is possible that this course of treatment was also related to an inability to pay. The ALJ did not consider this possibility at all during the hearing or in his decision. Accordingly, it is hereby

**ORDERED** and **ADJUDGED** as follows:

(1) The Report and Recommendation of the Magistrate Judge (Doc. 20) is **ADOPTED, CONFIRMED,** and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

(2) The final decision of the Commissioner is **REVERSED**. This case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

(3) The Clerk of Court shall enter final judgment in favor of Plaintiff pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand" and close the file. *Shalala v. Schaefer,* 509 U.S. 292, 302-03 (1993); *Newsome v. Shalala,* 8 F.3d 775, 779-80 (11th Cir. 1993). The final judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) must be filed no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney fees. *See In re Procedures for Applying for Attorney Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, No. 6:12-mc-124-CRL-22 (M.D. Fla. Nov. 13, 2012).

**DONE** and **ORDERED** at Tampa, Florida on March 10, 2015.

*[signature: Charlene Edwards Honeywell]*
Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
U.S. Magistrate Judge Elizabeth A. Jenkins